FILED

JAMES J. VILT. JR. - CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MAY 2 5 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA,

Plaintiff

v.

MARTAVIOUS KINCAIDE,

Defendant

Case No. 3:22-cr-115-DJH

*Filed Conventionally*

**DEANDRE SWAIN'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING TO UNSEAL THE PLEA AGREEMENT SUPPLEMENT [RE 23]**

Pursuant to the U.S. CONST., Amend. I and XIV, and the Joint Local Rules of Criminal Practice (LCrR) 47.1 and 49.4, putative Intervenor Deandre Swain, by counsel, moves to intervene in this action for the limited purpose of seeking to unseal the Plea Agreement Supplement [RE 23] to Martavious Kincaide's plea agreement. [RE 22.] In support of this motion, Mr. Swain states as follows:

**FACTS**

Martavious Kincaide is before this Court having pled guilty to the indicted offenses of: (a) possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g)(1) and 924(a)(2)); (b) possession of a stolen firearm (18 U.S.C. §§ 922(j) and 924(a)(2)); and (c) knowing theft of firearms from licensee (18 U.S.C. §§ 922(u) and 924(i)(1)). [RE 1: Indictment; RE 21: Order Following Entry of Guilty Plea; RE 22, at PageID #53.] Mr. Kincaide executed a plea agreement, and the Court ordered that Mr. Kincaide's "**plea supplement** shall be **filed under seal**." [RE 21, at PageID# 47 (emphasis in original).] The Court did not, by written order, set forth the base(s) for sealing the plea supplement. And Mr. Kincaide is scheduled for sentencing on August 24, 2023. [RE 21.]

In addition to the proceedings before this Court, Mr. Kincaide is also facing a pending motion to revoke his pretrial diversion in a state court criminal action—21-CR-001500. In that case, Mr. Kincaide entered into an agreement with the Commonwealth in which he pled guilty to the felony offenses of receiving stolen property (firearm) and theft by unlawful taking over $500 but less than $10,000 for conduct that occurred on May 10, 2021 and October 11, 2018, respectively, in exchange for the Commonwealth's recommendation that he be placed on pretrial diversion, which the state court accepted. [Exh. 1: Order Of Guilty Plea—21-CR-001500; *see also* RE 22, at PageID #53 (identifying Kincaide's state court conviction, but describing the sentence as a suspended sentence as opposed to pretrial diversion and omitting the felony theft conviction).]

However, after his arrest on December 6, 2021 when he was possession of one of the twenty-three (23) firearms he has admitted that he stole from Skull Firearms on November 25, 2021 [RE 22, at PageID #53], the Commonwealth moved to revoke his pretrial diversion, and then subsequently supplemented that still-pending motions asserting several other grounds, including, *inter alia*, that he: unlawfully possessed a stolen firearm on December 6, 2021; burglarized Skull Firearms on November 25, 2021; directed his children's mother, *via* a recorded jail telephone call, to conceal or dispose of evidence used in the commission of the burglary; sold the firearms he stole to an unidentified subject; admitted to using marijuana after he posted bond and was released on the motion to revoke in violation of his release conditions; and was arrested on a misdemeanor domestic violence assault charge (to which he later pled guilty to an amended charge of harassment with physical contact for which he received a ninety (90) day sentence conditionally discharged for two years). [Exh. 2: Motion to Revoke, 21-CR-001500; Exh. 3: Suppl. to Motion to Revoke, 21-CR-001500; Exh. 4: Second Suppl. to Motion to Revoke, 21-CR-001500; Exh. 5: Third Suppl. to Motion to Revoke; Exh. 6: Fourth Suppl. to Motion to Revoke.]

And, of course, Mr. Kincaide is also facing the still-pending state court charges related to the burglary of Skull Firearms and his December 6, 2021 arrest including, *inter alia*: burglary in the first degree, possession of a handgun by a convicted felon (20 counts); possession of a firearm by a convicted felon (5 counts); possession of burglary tools, receipt of stolen property (firearm); tampering with physical evidence; and fleeing or evading police in the second degree. *See Commonwealth v. Kincaide*, 22-CR-000181 (Jefferson Cir. Ct.).

But in addition to these various criminal charges, Mr. Kincaide is also a witness (and a named victim) in a homicide case in which Deandre Swain, Armani Shrivers, and two juveniles are charged with murder and multiple counts of wanton endangerment for conduct alleged to have occurred on July 28, 2022. *Commonwealth v. Shrivers, et al.*, 22-CR-2319 (Jefferson Cir. Ct.). In that case, Mr. Kincaide (while on home incarceration) was purportedly in the stairwell of his apartment complex with an acquaintance, Tamal Wood, when a drive-by shooting occurred that resulted in Mr. Wood's death. Police body camera footage recorded Mr. Kincaide's conversation with police about what, he alleged, occurred immediately before and immediately after the shooting, as well as his belief that he, not Mr. Wood, may have been the intended target of the shooting.

## ARGUMENT

I. **INTERVENTION FOR THE LIMITED PURPOSE OF SEEKING TO UNSEAL THE PLEA SUPPLEMENT IS APPRORPIATE.**

First, Swain's request to intervene in this criminal action for the limited purpose of moving to unseal the plea supplement [RE 23] is appropriate and should be permitted. As the Eastern District of Kentucky recently noted, "intervention is generally considered a 'logical and appropriate vehicle' by which the public (or the press) may seek to vindicate its rights of access to public court proceedings and challenge the sealing of documents." *U.S. v. Moore*,

2022WL1019215, at *1 (E.D. Ky. Apr. 5, 2022) (quoting *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000)). "And this appears to be true in the context of criminal cases." *Id.* (citing *U.S. v. Doe*, 629 F. App'x 69, 71 (2d Cir. 2015); *U.S. v. Ochoa-Vasquez*, 428 F.3d 1015, 1025 (11th Cir. 2005); *U.S. v. Smith*, 123 F.3d 140, 145 (3d Cir. 1997); *U.S. v. Blagojevich*, 612 F.3d 558, 559-61 (7th Cir. 2010)).

Although there is no provision for intervention under the Federal Rules of Criminal Procedure, "several federal jurisdictions have held that because the First Amendment implicitly guarantees the right to access criminal trials, motions to intervene are procedurally proper when the public or press seeks to intervene for the limited purpose of accessing a criminal proceeding or court documents." *Stephens Media, LLC v. Eighth Jud. Dist. Ct. of State ex rel. County of Clark*, 221 P.3d 1240, 1247 (Nev. 2009) (citing *In re Associated Press*, 162 F.3d 503, 507 (7th Cir.1998); *U.S. v. Brooklier*, 685 F.2d 1162, 1168 (9th Cir.1982); *U.S. v. Criden*, 675 F.2d 550, 559 (3d Cir.1982)). And "the presumption of an open court is firmly rooted in American jurisprudence." *Id.* (citing *Press–Enterprise Co. v. Superior Court of Cal. (Press–Enterprise I)*, 464 U.S. 501, 505–08 (1984)).

Here, Deandre Swain is an individual interested in these proceedings, both as an individual who enjoys a First Amendment-protected right to access *and* as a criminal defendant who maintains his innocence of the offenses for which he stands accused and who seeks to uncover any inducements or other government-conferred benefits granted Mr. Kincaide—a key witness and alleged victim in Mr. Swain's case. Mr. Swain is entitled to investigate the truthfulness (or lack thereof) of Mr. Kincaide's statements to police about what transpired immediately before, and after, the shooting that led to the death of Tamal Wood, as well as to uncover evidence that would otherwise impeach his credibility. Thus, Mr. Swain has standing to seek to unseal the plea

4

supplement in this case and should be permitted to intervene for that limited purpose. *See, e.g.,* *U.S. v. James*, 663 F. Supp. 2d 1018, 1020 (W.D. Wash. 2009) ("Domestic press outlets unquestionably have standing to challenge access to court documents.").

## II.    UNSEALING THE PLEA AGREEMENT SUPPLEMENT IS APPROPRIATE.

### A.    Mr. Swain's First Amendment Right of Access Warrants Unsealing The Plea Agreement Supplement.

This Court should likewise grant Mr. Swain's request to unseal the plea supplement in this case. Specifically, the public enjoys a First Amendment right of access to "to plea hearings and to plea agreements." *U.S. v. Haller*, 837 F.2d 84, 86–87 (2d Cir. 1988). And "just as the public's presence at judicial proceedings plays a significant role in ensuring fairness in our criminal trials, its access to plea agreements negotiated by the government and an accused plays a significant role in monitoring the administration of justice by plea. These considerations, which are far from novel, lead us to the equally uncontroversial conclusion that *plea agreements are the quintessential judicial record, entitled to the protection of the First Amendment right to public access of judicial records.*" *U.S. v. DeJournett*, 817 F.3d 479, 485 (6th Cir. 2016) (internal citation omitted and emphasis added). Thus, "[t]he public may be prevented from accessing plea agreements 'only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Press–Enterprise I*, 464 U.S. at 510). Here, there is nothing in the record to establish the existence of the requisite findings or of narrow tailoring to justify sealing the plea supplement. [RE: 21, at PageID #47 ("The **plea supplement** shall be **filed under seal**.") (emphasis in original).] Thus, Mr. Swain's motion to unseal should be granted.

**B.     To The Extent That The Plea Supplement Is Sealed By Operation Of General Order 2010-06 Irrespective Of The Document's Contents, That Order Violates The First Amendment Right to Access.**

Moreover, due to the lack of specific factual findings supporting the Order sealing the plea supplement, it appears that, though not required by LCrR 11.1, the Order sealing occurred by operation of the Western District of Kentucky's General Order 2010-06 which requires that *all* plea supplements be filed under seal. General Order 2010-06 (entered Dec. 17, 2010). But General Order 2010-06(3) requires the Clerk to seal all plea supplements *without regard to their contents*, and it further eliminates the requirement that the Court make "specific findings and conclusions [that] justify nondisclosure to the public." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (internal quotation marks and citation omitted). In this regard, then, General Order 2010-06 facially violates the public's First Amendment right to access in plea supplements, including the one at issue here, because the Court's "failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016).

WHEREFORE, for the foregoing reasons, this Court should permit Mr. Swain to intervene in this action for the limited purpose of seeking to unseal the Plea Supplement [RE 23], and it should further unseal the Plea Supplement.

Respectfully submitted,

William E. Sharp
Assistant Public Defender
LOUISVILLE METRO PUBLIC DEFENDER'S OFFICE
Advocacy Plaza
719 West Jefferson Street
Louisville, KY 40202
(502) 574-3800
wesharp@metrodefender.org
*Counsel for Putative Intervenor D. Swain*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Intervene was filed conventionally on May 24, 2023 by sending a copy via U.S. Mail, first class prepaid, to the Clerk's office attn: Jim Vilt, Clerk and Michelle Goepzinger, CM/ECF Aministrator pursuant to that office's instructions, and to the following:

A. Spencer McKiness
U.S. Attorney Office - Louisville
717 W. Broadway
Louisville, KY 40202
spencer.mckiness@usdoj.gov

Donald J. Meier
Western Ky. Federal Community Defender
629 Fourth Avenue, Suite 200
Louisville, KY 40202
don_meier@fd.org
*Counsel for M. Kincaide*

William E. Sharp
Louisville Metro Public Defender's Office

7